IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

IRON WORKERS LOCAL NO. 60
ANNUITY PENSION FUND, *et al.*,

                    Plaintiffs,      Civil Action No.
                                       5:15-CV-0054 (BKS/DEP)
      v.

SOLVAY IRON WORKS, INC., *et al.*,

                    Defendants.

_____

APPEARANCES:                  OF COUNSEL:

FOR PLAINTIFFS:

BLITMAN & KING LLP          JENNIFER A. CLARK, ESQ.
Franklin Center
443 North Franklin Street, Suite 300
Syracuse, NY 13204

FOR DEFENDANT JOHN MAESTRI:

HANCOCK ESTABROOK, LLP    DANIEL B. BERMAN, ESQ.
100 Madison Street, Suite 1500   WHITNEY M. KUMMEROW, ESQ.
Syracuse, NY 13202           ROBERT J. THORPE, ESQ.

FOR DEFENDANT BERT MAESTRI:

HARRIS & PANELS              PETER P. PANELS, ESQ.
120 East Washington Street, Suite 511
Syracuse, NY 13202

FOR DEFENDANTS SHEILA
MAESTRI and FRANK PETRO:

MENTER, RUDIN & TRIVELPIECE, PC    MICHAEL J. BALESTRA, ESQ.
308 Maltbie Street, Suite 200
Syracuse, NY 13204

FOR DEFENDANT CHEMOTTI:

ADORANTE, TURNER & ASSOC.         ANTHONY P. ADORANTE, ESQ.
P.O. Box 600
5111 West Genesee Street
Camillus, NY 13031

FOR DEFENDANT KELLY ORMSBY:

KELLY C. ORMSBY, *Pro Se*
423 Emery Road
Fulton, New York 13069


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

This is an action brought by fiduciaries associated with various pension and welfare benefit plans against Solvay Iron Works, Inc. ("Solvay Iron Works"), Ormsby Iron, LLC, and five individuals pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185. In their complaint, plaintiffs allege that defendants violated ERISA and section 301 of the LMRA by

failing to timely remit contributions, totaling $943,750.35, to the plans implicated in the action, which were created to cover employees of defendant Solvay Iron Works, a now-defunct employer.[1] Among the defendants named in the action are John B. Maestri ("J. Maestri") and Sheila Maestri ("S. Maestri") (collectively "the Maestri defendants"), two individuals alleged to have served as officers and directors and, in the case of defendant J. Maestri, a shareholder, of defendant Solvay Iron Works. The claims against those two defendants stem from alleged violation of their duties as fiduciaries under sections 404, 406, and 409 of ERISA, as well as under the New York Lien Law.

Currently pending in the action is a multi-faceted discovery motion brought by the plaintiffs. In their motion, plaintiffs seek an order (1) compelling the Maestri defendants to provide proper responses to a series of requests for admissions ("RFAs"), (2) compelling a further response to one interrogatory, and (3) limiting the defendants to taking a single deposition of one plaintiff representative. For the reasons set forth below plaintiffs' motion will be granted, in part, but otherwise denied.

---

[1] Judgment was recently entered against defendant Solvay Iron Works based upon its default. Dkt. Nos. 134, 135.

I.    BACKGROUND

This action was filed on January 16, 2015. Dkt. No. 1. Since that time, the parties have been engaged in discovery under a series of scheduling orders, the most recent of which provides that discovery closes on May 15, 2017. Dkt. No. 120. During the course of discovery, plaintiffs have served a series of demands, including interrogatories, document requests, and RFAs.

On May 28, 2015, plaintiffs served a first set of RFAs, seeking admission of eighty-eight separately articulated facts. Dkt. No. 132-3 at 99-112. The focus of those initial RFAs was to acquire information concerning the decision-making authority at defendant Solvay Iron Works. *See generally id.*; *see also* Dkt. No. 132-2 at 5. Defendant J. Maestri answered plaintiffs' first set of RFAs on or about July 1, 2015.[2] Dkt. No. 132-2 at 5; Dkt. No. 132-3 at 113. Defendant J. Maestri subsequently provided supplemental responses to plaintiffs' first set of RFAs on July 21, 2015. Dkt. No. 132-3 at 118-127. Defendant S. Maestri responded to plaintiffs' first RFAs on June 29, 2015. Dkt. No. 132-3 at 130-31.

Plaintiffs served a second set of RFAs, which included 204 purported

_____

[2]    The record does not contain defendant J. Maestri's initial responses to plaintiffs' first set of RFAs.

facts, on the defendants on October 31, 2016. Dkt. No. 132-3 at 155-87. Those RFAs principally sought acknowledgment regarding payments made by or on behalf of defendant Solvay Iron Works. *See generally id*; *see also* Dkt. No. 132-2 at 6-7. A third set, consisting of seventy-eight additional RFAs, was served by plaintiffs on November 2, 2016. Dkt. No. 132-4 at 2-12. Those RFAs sought acknowledgment concerning payments received by defendant Solvay Iron Works. *See generally id.*; *see also* Dkt. No. 132-2 at 6-7. Plaintiffs served a fourth set, consisting of thirty-six RFAs, on February 10, 2017.[3] Dkt. No. 132-4 at 14-22.

Plaintiffs propounded a first set of interrogatories to the defendants on November 5, 2015. Dkt. No. 132-3 at 134-153; *see also* Dkt. No. 132-2 at 6. Interrogatory No. 4, which is at issue in this motion, seeks information concerning the amount of money paid by defendant Solvay Iron Works for certain overhead expenses during 2012 and 2013. Dkt. No. 132-3 at 152. With this interrogatory, plaintiffs intend to probe whether plaintiffs' trust funds were improperly used to defray defendant Solvay Iron Works' obligations instead of satisfying defendants' obligations to make

---

[3]     A fifth set of RFAs was apparently served by plaintiffs on March 30, 2017. Those RFAs are not at issue in this motion, however, because defendants' responses to them are not yet due.

contributions to the plaintiffs. Dkt. No. 132-2 at 9. Defendant J. Maestri answered plaintiffs' interrogatories on December 7, 2015.[4] Dkt. No. 132-3 at 134-147. Defendant S. Maestri responded to those interrogatories on November 24, 2015. Dkt. No. 32-3 at 149-53.

On July 8, 2015, and November 29, 2016, defendant J. Maestri served notices of deposition seeking to depose fifteen witnesses affiliated with the plaintiffs, and identifying four subjects for those depositions.[5] Dkt. Nos. 132-4 at 131-196. Plaintiffs' counsel has objected to the notices and requested that they be withdrawn, offering in place of the witnesses identified, to produce Gary Robb, as the sole witness to testify concerning

---

[4]     Defendant J. Maestri's responses are verified by defendant S. Maestri pursuant to a power of attorney. Dkt. No. 132-3 at 142.

[5]     The topics identified in those deposition notices are as follows:

> 1.     Plaintiff Fund's communication and/or correspondence with any current or former director, officer or employee of Solvay Iron Works, Inc., ("Solvay Iron") from 2011 until present;
>
> 2.     Any agreements, including but not limited to collective bargaining or trust agreements, between the Iron Workers and Solvay Iron;
>
> 3.     Information related to Solvay Iron's alleged failure to make agreed upon contributions to Plaintiff Fund; and
>
> 4.     Plaintiff Fund's collection efforts taken against Solvay Iron, including but not limited to an estimation of administrative costs.

Dkt. No. 132-4 at 194.

the matters to be addressed. *Id.* at 198-202. In response to that offer, defendant J. Maestri has agreed to reduce the number of depositions to five, but does not agree to limit the scope of the depositions. *Id.* at 203.

## II. DISCUSSION

### A. RFAs

It is not entirely clear from plaintiffs' motion which RFAs are challenged, and precisely what relief is sought from the court. While plaintiffs challenge many of the responses and objections from the Maestri defendants, neither their notice of motion nor their remaining motion papers clearly identify which RFA responses are inadequate or improper. Although other arguments are raised, plaintiffs' principal objection stems from their contention that defendants cannot profess lack of knowledge and information as a basis for refusing to answer the RFAs without informing plaintiffs of the steps taken to consult available records, documents, and other sources of information to inform their responses.[6]

RFAs are governed by Rule 36 of the Federal Rules of Civil Procedure, which provides, in relevant part, as follows:

---

[6] The Maestri defendants are in possession of approximately twenty boxes of documents pertaining to defendant Solvay Iron Works. Dkt. No. 140 at 2-3. It was also reported during the hearing in this matter that the former accountant for defendant Solvay Iron Works may have additional digital records pertaining to the company's finances.

**(1)** *Scope.* A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

> **(A)** facts, the application of law to fact, or opinions about either; and

> **(B)** the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1). RFAs are not discovery tools, but rather serve to narrow or reduce the issues for trial. *Pasternak v. Kim*, No. 10-CV-5045, 2011 WL 4552389, at *5 (S.D.N.Y. Sept. 28, 2011). The manifest purpose of Rule 36 is to provide a means of fulfilling one of the mandates of Rule 1 of the Federal Rules of Civil Procedure[7] "to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997); *see also*

---

[7]   As recently amended, Rule 1 provides as follows:

> [The Federal Rules of Civil Procedure] govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

Fed. R. Civ. P. 1.

*Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003)

(Treece, M.J.). The procedures set forth in Rule 36 are "designed to

promote the narrowing of issues for trial, and can be a significant aid to the

court as well as the parties in ensuring a shorter and more focussed trial."

*Sequa Corp. v. Gelmin*, No. 91-CV-8675, 1993 WL 350029, at *1 (S.D.N.Y.

Sept. 7, 1993).

In their oppositions to plaintiffs' motion, while not directly arguing

burdensomeness, the Maestri defendants make passing reference to the

number of RFAs served and at least implicitly suggest that the court should

recognize and take into account the burden associated with responding to

such a large number of requests in deciding the pending motion. *See, e.g.,*

Dkt. No. 137-1 at 4; Dkt. No. 140 at 4-5. When burden is advanced as a

justification for refusing to answer RFAs, it is incumbent upon the

responding party to demonstrate that the requests are unduly burdensome.

*Sequa Corp.*, 1993 WL 350029, at *1.

Given the laudatory purpose served by RFAs and the associated trial

efficiencies to be realized through their use, unlike the restrictions on the

number of depositions or interrogatories permitted, the Federal Rules of

Civil Procedure set no limit on the number of RFAs that may be served by a

party. *Pasternak*, 2011 WL 4552389, at *5. Indeed, courts routinely approve

large numbers of RFAs. *See, e.g., Pasternak*, 2011 WL 4552389 (approving 230 RFAs); *Sequa Corp.*, 1993 WL 350029, at *2 (generally approving 1,441 RFAs); *Berry v. Federated Mut. Ins. Co.*, 110 F.R.D. 441 (N.D. Ind. 1986) (approving 244 RFAs). The issuance in the case of five sets of RFAs, totaling 423, is neither shocking nor inappropriate, given the issues involved and the amounts at stake in this action.

I note, moreover, that the RFAs now in issue appear to involve facts that are relevant to the claims and defenses in the action.[8] As plaintiffs argue, the Maestri defendants may be liable as fiduciaries under 29 U.S.C. § 1109 if they are found to have exercised discretionary authority or control regarding management of an ERISA plan assets, including if they were "responsible for determining which of the company's creditors would be paid or in what order or otherwise enjoyed authority or control over management[.]" *Bricklayers & Allied Craftworkers Local 2, Albany N.Y. Pension Fund v. Moulton Masonary Constr., LLC*, 779 F.3d 182, 188-89 (2d Cir. 2015) (quotation marks and alterations omitted). The RFAs promulgated by plaintiffs probe facts that relate to the operations and finances of defendant Solvay Iron Works to determine whether this test can

_____

[8]    Indeed, in his response in opposition to plaintiffs' motion, defendant J. Maestri does not dispute the relevance of the information sought to plaintiffs' claims. Dkt. No. 140-1 at 4.

be satisfied.

Many of the RFAs served by plaintiffs seek authentication of documents. This is a practice that "is specifically contemplated by Rule 36(a)(1)(B)." *Pasternak*, 2011 WL 4552389, at *6; *see also Berry*, 110 F.R.D. at 443 (finding that the genuineness and authenticity of documents is an appropriate subject for RFAs). While defendants suggest that the requested information could be secured through deposition, a party serving RFAs is under no obligation to utilize deposition time to secure admissions concerning authentication of documents. *Pasternak*, 2011 WL 4552389, at *6.

Among the grounds for the Maestri defendants' opposition to the instant motion is their contention that they should not be required to admit or deny the authenticity of documents they did not create. The fact that they are being asked to admit the authenticity of documents they did not author does not necessarily provide a basis for refusing to admit authenticity because "Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control to state fully those efforts." *Henry*, 212 F.R.D. at 78. This includes undertaking "an investigation and inquiry of employees, agents, and others,

who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." *Id.* (quotation marks omitted). While Rule 36 certainly permits a party "to set forth in detail the reasons why [it] cannot truthfully admit or deny the matter," the party is obliged to first complete its due diligence before answering that it has insufficient information to admit or deny a matter. *Henry*, 212 F.R.D. at 78.

Certain of the RFAs in issue have been objected to or answered without the matter being either admitted or denied and without a statement that information permitting the responding party to admit or deny is unavailable despite reasonable inquiry. For example, in his response to plaintiffs' fourth set of RFAs, Nos. 9 and 12, defendant J. Maestri responds that the subject document "speaks for itself." Dkt. No. 132-4 at 72. Such a response is insufficient under Rule 36. *See Little Hocking Water Ass'n, Inc. v. E.I. Du Pont de Nemours & Co.*, No. 09-CV-1081, 2013 WL 1791083, at *6 (S.D. Ohio Apr. 26, 2013) ("This Court had concluded – as have other courts – that it is generally impermissible to merely state, in response to a request to admit, that a document 'speaks for itself.'"); *FDIC v. Halpern*, 271 F.R.D. 191, 195 (D. Nev. 2010) (concluding that the FDIC's responses that reference documents "contain[ing] language consistent with the requested proposition . . . speak for themselves . . . are . . . evasive because they do

not fairly respond to the substance of the matters that Defendants request to be admitted"). The Maestri defendants' objection in this regard is therefore overruled, and they will be required to provide an amended answer to the RFAs that are the subject of such objection.

Another ground upon which the Maestri defendants rely in certain instances to avoid answering plaintiffs' RFAs is the claim that the request is "vague, ambiguous, and overly broad" or "calls for a legal conclusion." The effectiveness of Rule 36 depends upon the specificity with which RFAs are drafted. *Henry*, 212 F.R.D. at 77. As another judge of this court has noted,

> [i]n order for this to be an orderly procedure, the requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification.

*Id.* (citations omitted). Having reviewed the specific RFAs to which the Maestri defendants have objected on the grounds of vagueness, ambiguity, and/or overbreadth, I conclude that the RFAs are stated with sufficient specificity to permit a response, and therefore overrule these objections, as well.

I note that certain of plaintiffs' RFAs are answered by the Maestri

defendants, at least in part, with the statement that they are better addressed to co-defendant Kelly Ormsby. This is not a proper basis to object to an RFA, and, as such, the objection is similarly overruled.

At the core of plaintiffs' motion is the claim that the Maestri defendants have, in a blanket fashion, asserted lack of information in response to many of the RFAs without making a proper inquiry, including by reviewing the contents of the approximately twenty boxes of documents within their possession, to ascertain whether the facts in issue can be admitted. Under Rule 36, a proper response can include either an admission, a denial, or a detailed statement "why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). The rule goes on to provide as follows:

> The answering party may assert lack of knowledge or information as a reason for failing to admit or deny *only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.*

Fed. R. Civ. P. 36(a)(4) (emphasis added). As was discussed above, the rule, therefore, requires the responding party to make a reasonable inquiry, necessary to respond, and when unable to admit or deny the stated facts despite that inquiry, to affirmatively state that it has made such a reasonable inquiry and that the information known or readily obtainable by the party is

insufficient to permit a response. *Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd.*, 242 F.R.D. 1, at 15 (D. D.C. 2007); *Henry*, 212 F.R.D. at 78 (citing *T. Rowe Price Small-Cap Fund, Inc.*, 174 F.R.D. at 43).

In addressing lack of knowledge and information after reasonable inquiry, as stated by the Maestri defendants, and determining whether the claim is asserted in good faith, I have considered the circumstances surrounding this matter. At issue are the actions of a defunct corporation dating back to 2012 and 2013. Defendant J. Maestri is ninety-three years old and suffers from significant impairments, including memory loss. Dkt. No. 140 at 2; *see also* Dkt. Nos. 101, 107. Defendant S. Maestri is, and was at the times relevant to plaintiffs' RFAs, employed as a full-time registered nurse. Dkt. No. 137-1 at 2. According to her affidavit, she had no role in the management of the daily operations of defendant Solvay Iron Works, did not manage, control, or maintain the company's financial books and records, and agreed to serve on the company's board of directors and an officer only to assist her father, defendant J. Maestri, in light of his deteriorating age and ability. *Id.* at 1-2.

Plaintiffs seem to suggest that because the Maestri defendants have asserted lack of knowledge and information in response to a large number of RFAs, the court should conclude that the responses were not made in

good faith. It is true that some courts have rejected blanket "boilerplate" responses that simply indicate that, after reasonable inquiry, the responding party is unable to admit or deny the statement. *See, e.g.*, *FTC v. Johnson*, No. 10-CV-2203, 2013 WL 5408272, at *5 (D. Nev. Sept. 25, 2013) (rejecting boilerplate response and directing further inquiry and a detailed statement regarding the extent of the responding party's inquiry in the event it is still unable to admit or deny the RFAs). I do not, however, draw the conclusion that the Maestri defendants have acted in bad faith in asserting the lack of knowledge and information merely because they have responded in that fashion with respect to a large number of RFAs.

That said, it is clear that certain of the responses of the Maestri defendants to plaintiffs' RFAs are improper. There are several potential consequences associated with this finding. First, the matters may be deemed admitted. Fed. R. Civ. P. 36(a)(6); *Henry*, 212 F.R.D. at 78. Such a result, however, is generally disfavored other than as a last resort in light of its obvious severity. *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 687-88 (M.D. Fla. 2005). The court could also direct that an amended answer be served after defendants have made a reasonable inquiry. Fed. R. Civ. P. 36(a)(6); *Henry*, 212 F.R.D. at 78. As a third alternative, the court "may defer its final decision until a pretrial conference

or a specified time before trial." Fed. R. Civ. P. 36(a)(6); *see also Henry*, 212 F.R.D. at 78. Finally, in the event the party requesting the admissions later proves a matter to be true, it "may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof." Fed. R. Civ. P. 37(c)(2); *see also Herrera v. Scully*, 143 F.R.D. 545, 548 (S.D.N.Y. 1992).

Based upon the foregoing and my careful review of the RFAs believed to be now in dispute, I will direct that the Maestri defendants provide amended answers after making reasonable inquiries, as described above, with respect to any responses to the RFAs deemed insufficient below. The following chart summarizes my findings with respect to the RFAs in question:

| Set of RFAs | RFAs at Issue | J. Maestri Sufficient | J. Maestri Insufficient | S. Maestri Sufficient | S. Maestri Insufficient |
|---|---|---|---|---|---|
| First | 4, 5, 6, 22, 23, 24, 28, 29, 30 | 4, 5, 6 | 22, 23, 24, 28, 29, 30 | | 4, 5, 6 |
| Second | 1, 2, 35, 54, 68, 88, 104, 105, 106, 127, 134, 135, 137, 145, 161, 190, 191, 192, 196, 199, 200, 201, 202, 203, 204 | 1, 2, | 35, 54, 68, 88, 104, 105, 106, 127, 134, 135, 137, 145, 161, 190, 191, 192, 196, 199, 200, 201, 202, 203, 204 | 106 | 1, 2, 35, 54, 68, 88, 104, 105, 127, 134, 135, 137, 145, 161, 190, 191, 192, 196, 199, 200, 201, 202, 203, 204 |

| Set of RFAs | RFAs at Issue | J. Maestri Sufficient | J. Maestri Insufficient | S. Maestri Sufficient | S. Maestri Insufficient |
|---|---|---|---|---|---|
| Third | 1-78 | | 1-78 | | 1-78 |
| Fourth | 5, 6, 7, 9, 10, 12, 13, 14, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36 | 5, 6, 7, 10, 14, 16, 18, 19, 20, 21, 22, 23, 24, | 9, 12, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36 | | 5, 6, 7, 9, 10, 12, 13, 14, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36 |

B.    Interrogatories

Plaintiffs' Interrogatory No. 4 provides as follows:

> For each year during the period 2012 through 2013, state the amount of money paid by defendant Solvay Iron Works, Inc. for the following:
>
> a.    Rent, mortgage, or other occupancy costs;
> b.    Loans;
> c.    Workers Compensation and general liability insurance;
> d.    Vehicles and equipment, including office equipment;
> e.    Accountant and attorneys' fees;
> f.    Wages, salaries, bonuses, health insurance and retirement benefits for administrative/office personnel, including Sarah Shatrau; and
> g.    Produce all documents related thereto.

Dkt. No. 132-3 at 140.

As was previously noted, the two defendants implicated in plaintiffs' motion to compel are a 93 year old man with significant memory impairment and physical disabilities and his daughter, a full-time registered nurse with no apparent accounting training or background. Essentially, plaintiffs take the position that the Federal Rules of Civil Procedure require those two defendants to review the approximately twenty boxes of documents, all of which have been produced to plaintiffs, and make the calculations necessary to respond to the interrogatory, even though plaintiffs could, on their own or by engaging a forensic accountant, take the same measures.[9]

As an option for answering an interrogatory, Rule 33 of the Federal Rules of Civil Procedure permits a responding party to instead produce records that would allow the requesting party to answer the inquiry. Fed. R. Civ. P. 33(d). Specifically that rule provides as follows:

> **(d) Option to Produce Business Records.** If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be

---

[9] A suggestion was made during the hearing in this matter that the former accountant for defendant Solvay Iron Works could possibly possess documents that would greatly simplify responding to this interrogatory. On that basis, defendant J. Maestri agreed to supplement his response to Interrogatory No. 4. This decision does not relieve the Maestri defendants from this commitment, but does excuse them from having to cull through the boxes of documents and make calculations that plaintiffs themselves are equally equipped to make.

> substantially the same for either party, the
> responding party may answer by:
>
>> (1) specifying the records that must be
>> reviewed, in sufficient detail to enable the
>> interrogating party to locate and identify them
>> as readily as the responding party could; and
>>
>> (2) giving the interrogating party a reasonable
>> opportunity to examine and audit the records
>> and to make copies, compilations, abstracts, or
>> summaries.

Fed. R. Civ. P. 33(d).

In this case, subject to Defendant J. Maestri's agreement to supplement his response, I find that the Maestri defendants have satisfied their obligation under Rule 33(d) by making available all of the records within their possession, custody, or control, as they are currently maintained, from which plaintiffs can make the required calculations. The rules require no more. To order the Maestri defendants to make the calculations for plaintiffs would violate the spirit of Rule 26(b) of the Federal Rules of Civil Procedure and its emphasis on proportionality, particularly given the parties' relative resources and the burden associated with the requested task. On that basis, plaintiffs' motion to compel a further response to Interrogatory No. 4, other than as promised at the recent hearing, will be denied.

C.    Depositions

The final substantive aspect of plaintiffs' motion concerns notices of deposition served by defendant J. Maestri. Dkt. No. 132-4 at 131-96. As was previously noted, the parties are at an impasse regarding defendant J. Maestri's desire to take depositions, with plaintiff having offered a single witness to address the areas specified in the notices, and defendant J. Maestri countering with a proposal that depositions be limited to five. *See* Dkt. No. 132-4 at 198-203.

Leaving aside the appropriate number of witnesses to be deposed, plaintiffs contend that the scope of any depositions taken by defendants should be limited. In support of that position, they argue that certain basic underlying facts have been definitively established as a result of a decision and order issued by District Judge Brenda K. Sannes on March 28, 2017. Dkt. No. 134. According to plaintiffs' counsel, the existence of underlying agreements and obligations to pay contributions by defendant Solvay Iron Works, for example, were addressed and established in that decision.

Judge Sannes' decision adjudicated plaintiffs' motion for default judgment against defendant Solvay Iron Works. Neither defendant J. Maestri nor defendant S. Maestri appeared or took a position in connection with the motion. The court is unaware of any authority that would bind the

Maestri defendants, whether on law of the case grounds or otherwise, based upon findings on a default judgment motion against a co-defendant, especially when they did not appear and contest the motion.[10]

Plaintiffs have sued defendants in this action for unpaid contributions in amounts, which, after the addition of liquidated damages, interest, audit fees, and costs and attorney's fees, could amount to well in excess of $1 million. The Federal Rules of Civil Procedure afford defendants the right to engage in discovery to challenge issues relevant to the claims and defenses in the case. At this juncture, I am disinclined to place any limits upon the depositions to be taken by defendants, other than those applicable under the rules, including the seven-hour and ten-deposition limits provided for under Federal Rule of Civil Procedure 30(d)(1), and the five witness compromise offer proposed by defendant J. Maestri. Accordingly, plaintiffs' motion for a protective order limiting the number of depositions is denied.

---

[10]    The theory advanced by plaintiffs in attempting to bind the Maestri defendants to Judge Sannes' findings is that, as officers and directors of defendant Solvay Iron Works, they were duty-bound to appear and oppose the motion and, by failing to do so, are deemed to have acquiesced to any findings made in the course of deciding that motion. Even accepting this argument, however, it is not at all clear that at the time the motion was made, or even when this action was filed, those defendants remained as officers and/or directors of defendant Solvay Iron Works. Indeed, defendant S. Maestri has submitted an affidavit in which she states that she formally resigned from the Solvay Iron Works board of directors in February 2014. Dkt. No. 137-1 at 2.

D.   <u>Costs and Attorney's Fees</u>

In their motion, plaintiffs request an award of costs, including reasonable attorney's fees based upon the Maestri defendants' failure to comply with the requirements of Federal Rule of Civil Procedure 36. The rule that governs such applications provides, in relevant part, as follows:

> *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). That section goes on to provide that if such a motion is granted in part and denied in part, "the court . . .may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

Having considered the relevant circumstances, including the parties' relative means, the fact that plaintiffs' motion was granted in part, but denied in part, and the fact that, in the event that they prevail in the action against the Maestri defendants, they will be entitled to recover all of their costs and reasonable attorney's fees in addition to liquidated damages and interest, 29 U.S.C. § 1132(g)(2)(D), *see Masino v. Manco Enters., Inc.*, No. 10-CV-2428, 2012 WL 1077838, at *2 (E.D.N.Y. Mar. 12, 2012), I conclude that awarding plaintiffs costs and attorney's fees would be unjust at this juncture. Accordingly, their request for costs and attorney's fees associated with the pending motion is denied.

III.    SUMMARY AND ORDER

As will be set forth below, I conclude that certain of the Maestri defendants' responses to plaintiffs' RFAs are incomplete, inadequate, or improper, and will require amended responses. I will not, however, compel further responses in instances where lack of knowledge and information to form a belief as to the truth of the fact set forth is asserted and where there is an accompanying statement that a reasonable inquiry has been made and information necessary to admit or deny the fact is unavailable to the

answering party.[11]  Turning to plaintiffs' motion to compel a further response to interrogatories, I conclude that no further response is necessary based upon (1) defendant J. Maestri's argument to support his response; (2) the Maestri defendants' production to plaintiffs of documents from which the calculations sought in the interrogatory can be made; and (3) the fact that the Maestri defendants are in no better position than plaintiffs to make those calculations. In addition, I will deny plaintiffs' request for a protective order against defendants taking depositions subject to the representation made by the Maestri defendants at oral argument, to the effect that the depositions sought will be limited to five plaintiff representatives. Finally, plaintiffs' motion for an award of costs and attorney's fees will be denied. Based upon the foregoing, it is hereby

ORDERED as follows:

(1)    Plaintiffs' motion to compel discovery (Dkt. No. 132) is GRANTED in part and DENIED in part.

(2)    On or before May 3, 2017, defendant J. Maestri shall provide amended answers to the following RFAs:

---

[11]    This ruling presumes that any such statement has been made in good faith. If it is later proven that the duty of making a reasonable inquiry was not fulfilled, the court will award sanctions in favor of plaintiffs.

| Set of RFAs | Number |
| --- | --- |
| First | 22, 23, 24, 28, 29, 30 |
| Second | 35, 54, 68, 88, 104, 105, 106, 127, 134, 135, 137, 145, 161, 190, 191, 192, 196, 199, 200, 201, 202, 203, 204 |
| Third | 1-78 |
| Fourth | 9, 12, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36 |

(3)     On or before May 3, 2017, defendant S. Maestri shall provide amended answers to the following RFAs:

| Set of RFAs | Number |
| --- | --- |
| First | 4, 5, 6 |
| Second | 1, 2, 35, 54, 68, 88, 104, 105, 127, 134, 135, 137, 145, 161, 190, 191, 192, 196, 199, 200, 201, 202, 203, 204 |
| Third | 1-78 |
| Fourth | 5, 6, 7, 9, 10, 12, 13, 14, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36 |

(4)     Plaintiffs' motion for an order compelling defendants J. Maestri and S. Maestri to provide further responses to Interrogatory No. 4 is DENIED.

(5)     Plaintiffs' motion for a protective order limiting defendants J. Maestri and S. Maestri to taking the deposition of a single representative of plaintiff is DENIED based upon defendants' representation that the number of depositions will be limited to five individuals. This ruling is without prejudice to plaintiffs' right to seek an adjournment of the deposition and to

apply to the court if counsel reasonably believes that the deposition is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. Fed. R. Civ. P. 30(d)(3). Any objections, except as to the form of a question, including objections to relevance, are not waived and should be reserved for the time of trial.

(6)    Plaintiffs' application an award of costs and attorney's fees is DENIED without prejudice to their right to seek full recovery of all costs and attorney's fees in connection with this motion in the event that they prevail in this action pursuant 29 U.S.C. § 1132(g)(2).

(7)    The deadline for completion of discovery in the action is hereby extended to July 14, 2017, and the motion deadline is correspondingly extended to September 15, 2017. The parties are advised, however, that, due to the age of this case and the significant number of extensions previously granted, no further extensions of the current deadlines in the case will be granted, even on consent of the parties, absent compelling and unforeseen circumstances.

(8)    The clerk is respectfully directed to electronically serve this decision on the parties' attorneys in accordance with the court's local rules and upon defendant Kelly C. Ormsby by regular mail.

Dated:      April 24, 2017
             Syracuse, New York

David E. Peebles
U.S. Magistrate Judge