UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**IRON WORKERS LOCAL NO. 60 ANNUITY PENSION FUND, by Gary E. Robb and Sam Conley, as Trustees; IRON WORKERS LOCAL UNION NO. 60 TRAINING, SKILL IMPROVEMENT, EDUCATION AND APPRENTICESHIP FUND, by Gary E. Robb and Sam Conley, as Trustees; CENTRAL NEW YORK IRONWORKERS AND EMPLOYERS COOPERATIVE TRUST, by Gary E. Robb and Sam Conley, as Trustees; IRON WORKERS LOCAL UNION 60 SUPPLEMENTAL BENEFIT PLAN, by Gary E. Robb and Sam Conley, as Trustees; IRON WORKERS LOCAL UNION NO. 60, by Gary E. Robb, as Business Manager; IRON WORKERS DISTRICT COUNCIL OF WESTERN NEW YORK AND VICINITY WELFARE FUND, by Suzanne Ranelli, as Administrative Manager; IRON WORKERS DISTRICT COUNCIL OF WESTERN NEW YORK AND VICINITY PENSION FUND, by Suzanne Ranelli, as Administrative Manager; IRON WORKERS DISTRICT COUNCIL OF WESTERN NEW YORK AND VICINITY ANNUITY FUND, by Suzanne Ranelli, as Administrative Manager; UPSTATE IRONWORKER EMPLOYERS' ASSOCIATION, INC., by John Gorczynski, as President; UPSTATE NEW YORK DISTRICT COUNCIL OF IRON WORKERS EMPLOYERS COOPERATIVE TRUST, by Garrett Geartz and John Linehan, Jr., as Trustees; IRON WORKERS LOCAL UNIONS NOS. 33/440 SUPPLEMENTAL BENEFIT FUND, by Garrett Geartz and John Linehan, Jr., as Trustees; IRON WORKERS LOCAL NO. 33 JOINT APPRENTICESHIP COMMITTEE APPRENTICE TRAINING FUND, by Garrett Geartz and John Linehan, Jr., as Trustees; IRON WORKERS LOCAL UNION NO. 33, by John Linehan, Jr., as Business Manager; INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS LOCAL UNION NO. 440 JOINT APPRENTICE TRAINING FUND, by Thomas Thomas and John Gorczynski, as Trustees, and IRON WORKERS LOCAL UNION NO. 440, by Thomas Thomas as Business Manager,**

                                                    **Plaintiffs,**

**v.**                                                  **5:15-CV-54 (BKS/DEP)**

**SOLVAY IRON WORKS, INC., JOHN B. MAESTRI, Individually and as an Officer and Shareholder of Solvay Iron Works, Inc., BERT MAESTRI, Individually and as an Officer and Shareholder of Solvay Iron Works, Inc., SHEILA MAESTRI, Individually and as an Officer and a Director of Solvay Iron Works, Inc., ALFRED R. CHEMOTTI, JR., Individually and as an Officer and Shareholder of Solvay Iron Works, Inc., FRANK PETRO, Individually and as a Director of Solvay Iron Works, Inc., KELLY C. ORMSBY, Individually, as an Officer of Solvay Iron Works, Inc. and as an Officer of Ormsby Iron, LLC, and ORMSBY IRON, LLC,**

                                                   **Defendants.**
_____

**Appearances:**

Menter, Rudin & Trivelpiece, P.C.
Micahel J. Balestra
Suite 200
308 Maltbie Street
Syracuse, New York 13204
For Defendant Francis Petro

**Hon. Brenda K. Sannes, United States District Judge:**

## ORDER

On May 31, 2017, counsel for Defendant Francis (Frank) Petro informed the Court that Mr. Petro died on May 29, 2017. (Dkt. No. 152). United States Magistrate Judge David E. Peebles entered a Text Order on May 31, 2017, advising that "if plaintiffs do not move to substitute the proper estate representation within ninety (90) days of 5/31/2017 . . . then all claims against defendant Petro must be dismissed." (Dkt. No. 153). On August 30, 2017, counsel for Mr. Petro filed a Letter Motion noting that ninety days had passed and that Plaintiff had not moved for substitution. (Dkt. No. 156). Counsel therefore requested that the Court dismiss all claims against Mr. Petro. (*Id.*).

Rule 25 states: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. . . . If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). As no motion for substitution has been filed, all claims against Mr. Petro are dismissed with prejudice. *Louis v. Wright*, No. 12CV6333, 2017 WL 1194498, at *1 (E.D.N.Y. Mar. 30, 2017) ("Because no motion for substitution was filed within ninety days of the suggestion of Wright's death, this matter is ripe for dismissal."); *Mulvey v. Sonnenschein Nath & Rosenthal LLP*, No. 08-CV-1120, 2011 WL 5191320, at *1 (E.D.N.Y. Oct. 31, 2011) ("Courts routinely dismiss cases with prejudice where there is a failure to comply with the time period

specified by Rule 25(a).") (citing *Unicorn Tale v. Banerjee*, 138 F.3d 467, 469 (2d Cir. 1998)). Accordingly, it is

**ORDERED** that the Letter Motion (Dkt. No. 156) seeking dismissal of all claims against Defendant Francis Petro is **GRANTED**; and it is further

**ORDERED** that all claims against Defendant Francis Petro are **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

Dated: September 6, 2017

*/s/ Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge